UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CORN,

    Plaintiff                          Case No. 05- 71578

-vs-                                      Honorable Marianne O. Battani

FANNON FAMILY AUTOMOTIVE,
LLC., a Michigan limited liability
company,

    Defendant.
_____/

**ADAM G. TAUB (P48703)**
Lyngklip & Taub Consumer Law Group
Attorney for Plaintiff
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

**JOHN M. PETERS (P32118)**
JOHN M. PETERS. PLC
Attorney for Defendant
1844 Blue Grass Drive
Rochester Hills, MI 48306
(248) 601-0201
_____/

**MOTION TO SET ASIDE ENTRY
OF DEFAULT AND TO PERMIT
DEFENDANT TO ANSWER AND DEFEND**

      Fannon Family Automotive, LLC, through its attorney, John M. Peters, submits the following request to set aside the entry of default in this matter and to allow Defendant to answer the complaint and defend:

      1.      An entry of default was entered by this Court on May 25, 2005.

      2.      Defendant's principal is involved in a Chapter 7 personal bankruptcy in the U.S. Bankruptcy Court before the Honorable Walter Shapero.

1

3. During the pendency of the bankruptcy, the Trustee took possession of the business of Defendant, including all or most of the assets of the business.

4. The Trustee's acts and omissions in conducting the business resulted in the complete destruction of the business, including the dishonoring of checks, the non-payment of creditors, the loss of the business' ability to participate in the purchase of vehicles on credit from the automobile auction, and the cancellation of the business' bond with the State of Michigan.

5. The total amount of financial injury sustained by the business has not yet been subject to calculation, and the injuries to the business are on-going.

6. It was within the time frame that the present action was filed by Plaintiff.

7. Although Defendant's principal was aware of the litigation, the Trustee's exercise of control over the business and its finances, and the resulting state of insolvency caused by the acts and omissions of the Trustee, made Defendant's principal believe that Defendant was unable to defend the present action.

8. Counsel for Defendant was first informed of this suit on Friday, June 24, 2005 in telephone conversations with Defendant's principal and Plaintiff's counsel.

9. Counsel for Defendant first reviewed the summons, complaint, request for entry of default, default entry and motion for entry of default judgment on Friday, June 24, 2005.

10. Upon learning that the default judgment seeks damages which well exceed any actual injuries sustained, and seeks to establish *"fraud, cheating or misrepresentation"* by Defendant, and having determined that many of the claims are

not viable and all of them are based upon an incorrect factual premise, counsel determined that a defense of this claim must be offered.

11. This determination has been made, despite the Defendant's insolvency, due to the fact that a judicial finding of *"fraud, cheating or misrepresentation"* could have future adverse consequences for Defendant's principal and for Defendant in any future legal proceeding, including legal proceedings against the Trustee for the destruction of the business.

12. There was excusable neglect in Defendant's initial failure to defend this action in a timely matter.

13. Defendant has absolute defenses to the claims of the Plaintiff in the following regards:

   a. Defendant never 'forged' Plaintiff's signature on any documents or failed to provide required documentation;

   b. Under Michigan law there can be no conversion of money, and, in any event, Defendant did not fail to forward money to a party to whom it was legally obligated to do so;

   c. Under MCL 600.2919a, treble damages are only available against a party who takes property converted by another, not by a party who allegedly converted it in the first instance;

   d. The Michigan Consumer Protection Act does not apply to the alleged transaction, which is *"A transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this State or the United States."* MCl 445.904(1)(a), See, *Mills v Equicredit Corporation*, Case No. 03-70453 (ED Mich 2003); Defendant was licensed and regulated as a vehicle dealership by the Michigan Department of State, Business Licensing and Regulation Division, Bureau of Regulatory Services; the alleged wrongdoing is also Federally regulated per Count I of Plaintiff's own complaint, pursuant to 49 USC § 32701-32711, *et seq*; § 32706 specifically vests the Secretary of Transportation with regulatory authority;

    e.    There can be no action for fraud or misrepresentation where the alleged misrepresentation relates to future performance; Plaintiff's complaint alleges a breach of contract at best, not fraud or misrepresentation; Plaintiff does not allege that Defendant made representations with no present intent to perform them, only that it failed to perform them;

    f.    The alleged wrongdoing would have been the acts or omissions of a third party, *i.e.*, the bankruptcy Trustee, not Defendant, and Defendant could not be liable for the acts or omissions of the Trustee or would at least be entitled to indemnification at a minimum.

    (See Exhibit 1, Affidavit of Gary W. Fannon; Exhibit 2, Affidavit of Tom )

14.    Plaintiff should not be required to pay costs for the setting aside of this default, due to the unusual circumstances leading to the default[1], the short interval between the entry of default and the bringing of this motion and the Defendant's present insolvency.

Defendant, Fannon Family Automotive, LLC, requests that this Court enter an order setting aside the entry of default, without costs, and permit Defendant to file and answer and defend this matter.

    Respectfully submitted,

    **JOHN M. PETERS, PLC**

    **JOHN M. PETERS (P32118)**
    Attorney for Plaintiff
    1844 Blue Grass Drive
    Rochester Hills, MI 48306
    (248) 601-0201

Dated: July 7, 2005

---

[1] The Trustee's conduct in creating the impression that Defendant's principal (the bankrupt) could not act on behalf of the business, combined with the seizure of all assets of the business by the Trustee.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID CORN,

    Plaintiff                           Case No. 05- 71578

-vs-                                  Honorable Marianne O. Battani

FANNON FAMILY AUTOMOTIVE,
LLC., a Michigan limited liability
company,

    Defendant.
_____/

**ADAM G. TAUB (P48703)**
Lyngklip & Taub Consumer Law Group
Attorney for Plaintiff
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

**JOHN M. PETERS (P32118)**
JOHN M. PETERS. PLC
Attorney for Defendant
1844 Blue Grass Drive
Rochester Hills, MI 48306
(248) 601-0201
_____/

**BRIEF IN SUPPORT OF MOTION TO SET ASIDE
ENTRY OF DEFAULT AND TO PERMIT DEFENDANT
TO ANSWER AND DEFEND**

      Defendant, Fannon Family Automotive, LLC, through its attorney, John M. Peters, bring the present motion pursuant to FRCP 55 (c).

                                                     Respectfully submitted,

                                                     **JOHN M. PETERS, PLC**

                                                     _____
                                                     **JOHN M. PETERS (P32118)**
                                                     Attorney for Plaintiff
                                                     1844 Blue Grass Drive
                                                     Rochester Hills, MI 48306
Dated: July 7, 2005                                    (248) 601-0201

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID CORN,

    Plaintiff

-vs-

FANNON FAMILY AUTOMOTIVE,
LLC., a Michigan limited liability
company,

    Defendant.
_____/

Case No. 05- 71578

Honorable Marianne O. Battani

**ADAM G. TAUB (P48703)**
Lyngklip & Taub Consumer Law Group
Attorney for Plaintiff
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

**JOHN M. PETERS (P32118)**
JOHN M. PETERS. PLC
Attorney for Defendant
1844 Blue Grass Drive
Rochester Hills, MI 48306
(248) 601-0201
_____/

**AFFIDAVIT OF GARY W. FANNON**

    1.    I am the sole member and manager of Fannon Family Automotive, LLC.

    2.    I was served with the summons and complaint in this matter both through the Michigan Secretary of State and by personal service at the former address of the business.

    3.    I filed a personal bankruptcy on or abut January 20, 2005.

    4.    Shortly after my bankruptcy was filed, all of the assets of Fannon Family Automotive, LLC, including all of its un-cashed checks, bank accounts, records and inventory (vehicles) were seized by the bankruptcy Trustee.

5. After the seizure by the Trustee, I was no longer in charge of the business, was unable to transact business and did not even have the business records.

6. It was during this time that I was served with the lawsuit filed by David Corn.

7. Due to the actions of the Trustee, Fannon Family Automotive, LLC, could not forward payment for the warranty on Mr. Corn's vehicle to the warranty company, since Fannon Family Automotive, LLC did not have control of its bank accounts.

8. Due to the lack of access to its bank accounts the insolvency of the business and the actions of the Trustee, I was not even sure whether Fannon Family Automotive, LLC could defend the suit filed by Mr. Corn. Therefore, I did not act to defend the suit.

9. Fannon Family Automotive, LLC, never converted to its own use, money paid by Mr. Corn for the warranty. That money was in the business account when it was seized by the Trustee.

10. Mr. Corn signed the vehicle title which contained the odometer mileage, as well as the odometer mileage statement form and other documents required at sale.

11. Neither Fannon Family Automotive, LLC, nor any of its owners, employees or agents, forged Mr. Corn's signature on the documents of sale.

12. Mr. Corn's title work was submitted to the Michigan Secretary of State in a timely manner, and he received a valid title to his vehicle directly from the Secretary of State.

_____  
GARY W. FANNON

Subscribed and sworn to before me  
This 7th day of July, 2005

_____  
          Notary Public,  
Oakland County, Michigan  
My commission expires:

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID CORN,

    Plaintiff

Case No. 05- 71578

-vs-

Honorable Marianne O. Battani

FANNON FAMILY AUTOMOTIVE,
LLC., a Michigan limited liability
company,

    Defendant.
_____/

**ADAM G. TAUB (P48703)**
Lyngklip & Taub Consumer Law Group
Attorney for Plaintiff
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

**JOHN M. PETERS (P32118)**
JOHN M. PETERS. PLC
Attorney for Defendant
1844 Blue Grass Drive
Rochester Hills, MI 48306
(248) 601-0201
_____/

## AFFIDAVIT OF TOM VALDEZ

    Tom Vladez, being first duly sworn, deposes and states follows:

    1.    I was employed by Fannon Family Automotive, LLC at the time of the David Corn purchase.

    2.    I have personal knowledge of the transaction involving Mr. Corn since I was the sales representative who handled his purchase.

    3.    Mr. Corn was provided with an accurate odometer statement and odometer mileage at the time of his purchase.

8

    4.    Mr. Corn signed all of the required documents of sale at the time of the sale, and was provided with the documents.

    5.    Neither I nor anyone else from Fannon Family Automotive, LLC, forged Mr. Corn's name on any documents of sale.

    6.    The payment for Mr. Corn's warranty was seized by the bankruptcy Trustee along with all of Fannon Family Automotive, LLC's other funds and accounts before the payment could be forwarded to the warranty company.

                                    TOM VALDEZ

Subscribed and sworn to before me
This 7th day of July, 2005

_____
                        Notary Public,
Oakland County, Michigan
My commission expires:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID CORN,

    Plaintiff

-vs-

FANNON FAMILY AUTOMOTIVE,
LLC., a Michigan limited liability
company,

    Defendant.
                                        /

Case No. 05- 71578

Honorable Marianne O. Battani

**ADAM G. TAUB (P48703)**
Lyngklip & Taub Consumer Law Group
Attorney for Plaintiff
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(248) 746-3790

**JOHN M. PETERS (P32118)**
JOHN M. PETERS. PLC
Attorney for Defendant
1844 Blue Grass Drive
Rochester Hills, MI 48306
(248) 601-0201
                                        /

**PROOF OF SERVICE**

       I affirm that on July 7, 2005, I did serve copies of Defendant's Motion to Set Aside Default and Allow Defendant to Answer and Defend, Affidavits of Gary W. Fannon, and Tom Valdez, Brief In Support and Proof of Service upon Adam G. Taub, by electronic filing with this Court.

                                                                                      JOHN M. PETERS